**WEBB v. WEBB**

[188 N.C. App. 621 (2008)]

ROBERT G. WEBB, Plaintiff v. RAINE TYNDALL WEBB, Defendant

No. COA07-818

(Filed 5 February 2008)

**Divorce— equitable distribution—denial of motion to compel filing of affidavit**

The trial court did not abuse its discretion by dismissing defendant wife's motion to compel plaintiff husband to file an equitable distribution (ED) affidavit, because: (1) N.C.G.S. § 50-21(a) provides three methods for a party to assert a claim for ED including as a separate civil action, as a cross-action to another action brought under Chapter 50 of the General Statutes, or as a motion in the cause as provided by N.C.G.S. § 50-11(e) or (f); (2) defendant's alleged oral motion made during the 22 September 2003 divorce hearing did not constitute the filing of a motion in the cause as permitted by either N.C.G.S. § 50-11(e) or (f), and defendant failed to specifically assert any claim for ED by any method permitted by N.C.G.S. § 50-21(a); (3) no ED claim existed after plaintiff dismissed his claim on 6 June 2005, and defendant failed to file a claim for ED within six months thereafter; and (4) plaintiff failed to show the trial court's denial of her motion to compel was manifestly unsupported by reason and so arbitrary that it could not have been the result of a reasoned decision.

Appeal by defendant from order entered 13 March 2007, *nunc pro tunc* 27 November 2006 by Judge William C. Farris in Edgecombe County District Court. Heard in the Court of Appeals 10 January 2008.

*Janice A. Walston, for plaintiff-appellee.*

*W. Michael Spivey, for defendant-appellant.*

TYSON, Judge.

Raine Tyndall Webb ("defendant") appeals from judgment entered that dismissed her motion to compel Robert G. Webb ("plaintiff") to file an equitable distribution affidavit. We affirm.

## I. Background

Plaintiff and defendant were married on 7 June 1980 and separated on or about 1 February 2001. On 26 June 2001, plaintiff filed

a complaint in which he sought: (1) divorce from bed and board from defendant; (2) joint care and custody of the parties' children; (3) possession of a portion of the personal property and apportionment of the marital debts pending equitable distribution of the marital property; (4) that defendant be taxed with costs; and (5) such other relief as the trial court deemed just and proper. Defendant did not answer plaintiff's complaint. By order filed 3 July 2002, that cause became inactive.

On 18 June 2003, plaintiff filed a new complaint in which he again sought an absolute divorce from defendant. Defendant answered 16 July 2003 and stated, "[d]efendant shall not grant an absolute divorce to . . . [p]laintiff." Defendant's answer made no reference to equitable distribution. On 22 September 2003, the trial court granted plaintiff an absolute divorce from defendant and reserved "any claims pending in this cause or in [the inactive cause] for equitable distribution or other relief . . . ."

On 9 March 2005, plaintiff filed a motion to have the original cause "restored to active status to file a proper dismissal of his claim for equitable distribution, as said claim is the only property [sic] pending claim for equitable distribution." The original cause was restored to active status on 23 May 2005. Defendant did not answer plaintiff's complaint after the cause was restored to active status.

Plaintiff voluntarily dismissed with prejudice his equitable distribution issue in the original cause on 6 June 2005. On 13 October 2006, defendant moved for an order to compel plaintiff to file his equitable distribution affidavit. On 13 March 2007, the trial court denied defendant's motion on the ground that plaintiff's claim for equitable distribution was the only equitable distribution claim pending when the judgment of absolute divorce was entered and that plaintiff's voluntary dismissal terminated that claim on 6 June 2005. Defendant appeals.

## II. Issue

Defendant argues the trial court erred when it denied her motion to compel plaintiff to file an equitable distribution affidavit.

## III. Motion to Compel

Defendant asserts the trial court erred when it ruled no equitable distribution claim was pending in this action and denied her motion to compel plaintiff to file an equitable distribution affidavit. We disagree.

**WEBB v. WEBB**

[188 N.C. App. 621 (2008)]

## A. Standard of Review

"Whether or not the party's motion to compel . . . should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." *Wagoner v. Elkin City Schools' Bd. of Education*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123 (citation omitted), *disc. rev. denied*, 336 N.C. 615, 447 S.E.2d 414 (1994). A trial court's actions constitute an abuse of discretion "upon a showing that a court's actions 'are manifestly unsupported by reason' " and " 'so arbitrary that [they] could not have been the result of a reasoned decision.' " *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 832 (1985)).

## B. Analysis

### 1. Waiver

At any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed and adjudicated, either as a separate civil action, or together with any other action brought pursuant to Chapter 50 of the General Statutes, or as a motion in the cause as provided by G.S. 50-11(e) or (f).

N.C. Gen. Stat. § 50-21(a) (2005).

Our Supreme Court has held:

Equitable distribution is a property right. Therefore, a married person is entitled to maintain an action for equitable distribution upon divorce *if it is properly applied for and not otherwise waived*. However, *equitable distribution is not automatic*. The statute provides that *a party seeking equitable distribution must specifically apply for it.*

*Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987) (internal citation omitted) (emphasis supplied).

Here, defendant argues that finding of fact numbered 5 in the trial court's order, which denied her motion to compel equitable distribution, establishes that she made an oral motion for equitable distribution before the trial court granted the parties an absolute divorce. Finding of fact numbered 5 states:

That the Plaintiff filed an action for absolute divorce, which was ultimately granted, in Edgecombe County File No. 03-CVD-701.

The [d]efendant appeared at the September 22, 2003 divorce hearing and requested that the parties' property be divided. She had objected to the divorce in writing, but had not filed any Counterclaim for equitable distribution or any other matter.

### 2. Assertion of Claim for Equitable Distribution

N.C. Gen. Stat. § 50-21(a) provides three methods for a party to assert their claim for equitable distribution: (1) "as a separate civil action;" (2) as a cross-action to another action "brought pursuant to Chapter 50 of the General Statutes;" or (3) "as a motion in the cause as provided by G.S. 50-11(e) or (f)." Defendant asserts her "oral motion" sufficiently preserved her right to equitable distribution prior to the trial court's issuance of an absolute divorce. We disagree.

N.C. Gen. Stat. § 50-11(e) and (f) (2005) state:

(e) An absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce; *except, the defendant may bring an action or file a motion in the cause for equitable distribution within six months from the date of the judgment* in such a case if service of process upon the defendant was by publication pursuant to G.S. 1A-1, Rule 4 and the defendant failed to appear in the action for divorce.

(f) An absolute divorce by a court that lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property shall not destroy the right of a spouse to equitable distribution under G.S. 50-20 *if an action or motion in the cause is filed within six months* after the judgment of divorce is entered. The validity of such divorce may be attacked in the action for equitable distribution.

(Emphasis supplied).

Defendant's alleged "oral motion," made during the 22 September 2003 divorce hearing, does not constitute the filing of a motion in the cause as permitted by either N.C. Gen. Stat. § 50- 11(e) or (f). Defendant failed to specifically assert any claim for equitable distribution pursuant to any permitted method allowed in N.C. Gen. Stat. § 50-21(a). No equitable distribution claim existed after plaintiff dismissed his claim on 6 June 2005 and defendant failed to file a claim for equitable distribution within six months thereafter. *Id.* The

trial court did not err by denying defendant's motion to compel plaintiff to file an equitable distribution affidavit. This assignment of error is overruled.

IV. Conclusion

Defendant's failure to file a separate action, a cross-action, or a motion in the cause before or within six months after absolute divorce was granted, to assert her right to equitable distribution prior to the divorce judgment, destroyed her right to claim equitable distribution. N.C. Gen. Stat. §§ 50-21(a), -11(e). Defendant has failed to show the trial court's denial of her motion to compel " '[was] manifestly unsupported by reason' " and " 'so arbitrary that it could not have been the result of a reasoned decision.' " *T.D.R.*, 347 N.C. at 503, 495 S.E.2d at 708 (1998) (quoting *White*, 312 N.C. at 777, 324 S.E.2d at 832 (1985)). The trial court's order is affirmed.

Affirmed.

Judges JACKSON and ARROWOOD concur.